No. 17909—The Tax Commission of Ohio v. Jennie Oswald, Executrix of the Estate of Samuel C. Oswald, Deceased, and Jennie V. Oswald. Error to the Court of Appeals of Wood county. (Filed in Supreme Court, March 22, 1923.)

380-1. WILLS.

Bequest to wife of property with full power to sell, deed and transfer, any or all of it, as she may deem best, conveys a life estate—A gift over of what remains amounts to a vested remainder subject to be divested by exercise of the power—SUCCESSION TAX, where remainders are vested, and actual market value cannot be ascertained, 5343 GC., applies and the tax is at the highest rates, leaving interested persons to secure refunders.

DAY, J.

1. The testator used the following language in his will: "First. I will and bequeath to my wife, Jennie V. Oswald, whatever property I am possessed at my decease, both personal and real. She to have full power to sell, deed and transfer, any or all of it, as she may deem best to better her condition.

"Second. After the death of my wife whatever property remains of my estate I will and bequeath as follows: One-half (½) to J. W. Oswald or his issue; one-half (½) to J. M. Oswald or his issue.

"Third. At the time of this distribution, should either of my brothers above be deceased, without leaving issue—then such share shall go to the brother remaining or his issue."

Held: That the wife, Jennie V. Oswald, took a life estate in the property, both personal and real, coupled with power to sell, deed or transfer any or all of it "as she may deem best to better her condition," and that the gift over of what may remain unconsumed amounts to a vested remainder in the whole of the property, subject to be divested in part from time to time, or in whole by the exercise of the power. (Johnson v. Johnson, 51 Ohio St., 446, approved and followed.)

2. Where remainders are vested, by reason of which the actual market value thereof can be ascertained at the time of the death of the testator, the terms of Section 5343, General Code, apply and the succession tax to be imposed shall be "at the highest rate which . . . would be possible under the provisions of this subdivision of this chapter," leaving to the interested individuals the procuring of refunders as provided by law.

Judgment reversed.

Marshall, C. J., Wanamaker, Robinson, Jones, Matthias and Allen, JJ., concur.